*LASC, Case No.: BP129002*

| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|:---:|:---:|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-5143-JFW (JEMx)**                                                 Date:  November 14, 2011

Title:      In Re: Irrevocable Life Insurance Trust of Wyona Kent Dated November 22, 2007

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

On May 26, 2011, Petitioner Stephanie Monteleone ("Monteleone") filed a Petition in Los Angeles Superior Court against Defendants Hartford Life and Annuity Insurance Company (erroneously sued as Hartford Life and Indemnity Insurance Company) ("Hartford"), Caldwell Life Holdings LLC (erroneously sued as Caldwell Capital Strategies) ("Caldwell"), and Craig R. Nussbaum ("Nussbaum"). On June 20, 2011, Hartford filed its Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Hartford bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. In its Notice of Removal, Hartford concludes that Monteleone is a citizen of California because her Petition alleges that she's a resident of Los Angeles County, California. However, "the diversitsy jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must

be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Because neither the "four corners" of the Petition nor the Notice of Removal contain sufficient allegations concerning Monteleone's citizenship, Hartford has failed to meet its burden to establish this Court's jurisdiction. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

In addition, to establish the citizenship of a limited liability company, Hartford must, at a minimum, allege the citizenship of all members of the limited liability company. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (defendant failed to carry its burden of establishing diversity of citizenship where its notice of removal did not list the citizenship of all the members of a limited liability company). Hartford alleges that Caldwell is "a limited liability company organized and existing in Connecticut with its principal place of business in Connecticut," but fails to allege the citizenship of any of the members of Caldwell.

Hartford has failed to satisfy its burden of establishing that diversity jurisdiction exists. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.